**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.: 10-110** |
| **v** | * | **SECTION "A" (3)** |
| **ASHLEY PERRY**, *et al.* | * | **JUDGE ZAINEY** |
| *   *   *   *   *   *   * | | **MAGISTRATE KNOWLES** |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

For the reasons more fully set forth herein, the United States of America respectfully submits that the petition presented by Michael Cascio (Rec. Doc. 174) should be dismissed without the need for an evidentiary hearing.

## PROCEDURAL BACKGROUND

On April 6, 2010, a Complaint was filed against Ashley Perry, Shane Muscarello, William Bryant, III, Craig Goodwin, David Carazo, and David Theriot, alleging that, *inter alia*, the group was running an illegal internet-based sports gambling operation. Rec. Doc. 1. On April 28, 2010, a Federal Grand Jury returned an indictment against Ashley Perry, Shane Muscarello, Travis Nuccio, David Carazo, Craig Goodwin, Aaron Newitt, David Theriot, Jacques Renoir, Ryan Kelly, and Jaron Morales. Rec. Doc. 35. As it pertains to the instant issues, on February 24, 2001, Ashley Perry ("Perry") and Shane Muscarello ("Muscarello") appeared before this Honorable Court; and each entered a plea of guilty as to a Bill of

Information filed that same day.  Rec. Doc. 140 (Information) and 141 (Minute Entry for Arraignment).

In connection with their respective guilty pleas, the Government offered a (single) Factual Basis (Rec. Doc. 144) and (separate) Plea Agreements (Rec. Docs. 145 and 146) for Perry and Muscarello.  On March 21, 2011, the United States submitted its Motion for Preliminary Order of Forfeiture.  Rec. Doc. 159.  The following day, on March 22, 2011, the Court signed the Preliminary Order of Forfeiture, thereby extinguishing any of the defendants' claims as to the property (currency) at issue and forfeiting all right, title, and interest in same to the Government.   Nearly four (4) months later, petitioner, Michael Cascio ("Cascio") has submitted an unsworn *Petition for Recovery of Seized Items* (Rec. Doc. 174).

## SUMMARY OF THE ARGUMENT

Because petitioner has not cited any foundation for his terse submission, the Court and counsel are left to speculate as to the basis for the requested relief.  However, when measured against the *potential* avenues of redress, his claim is both procedurally and substantively defective.  The United States respectfully submits that the petition should be dismissed without the need for additional factual development or evidentiary hearing.

Assuming this is actually meant to be a petition brought pursuant to Section 853, the petition (Rec. Doc. 174) fails to comply with the essential requirements of Title 21, United States Code, Section 853(n)(3) and fails to state a claim upon which relief can be granted.  *See* Fed. R. Crim. P. 32.2(c)(1)(A); *see also* Fed. R. Civ. P. 12(b)(6).  Cascio lacks standing to assert a claim for ownership or interest in the seized and forfeited funds.  Fed. R. Crim. P. 32.2(c)(1)(A). Additionally, petitioner did not submit his claim under penalty of perjury.  21 U.S.C. § 853(n)(2).  This fact alone is considered sufficient to bar further proceeding.  Finally, the petition

is untimely, which serves as an additional and independent basis to dismiss the petition.  21

U.S.C. § 853(n)(2).

## LAW AND ARGUMENT

I.     **Petitioner lacks standing to contest the forfeitability of the property at issue.**

      a.     **Petitioner is not the rightful owner of the seized and forfeited funds.**

The sole purpose of the ancillary proceeding is to ensure that the property of third parties,

who are excluded from participating in the criminal trial or the determination of the termination

of the defendant's interest in the property, is not inadvertently forfeited in the criminal case.  *See*

*U.S. v. Gilbert*, 244 F.3d 888, 909 (11th Cir. 2001) (noting, in discussing legislative history, that

ancillary proceedings create an orderly procedure whereby third parties who claim their property

interests have been forfeited in a criminal case can "challenge the validity of the forfeiture order

and establish their legitimate ownership interests").[1]  The ancillary phase is not a liquidation

proceeding in which the defendant's assets are distributed amongst his creditors.[2]  Similarly, the

ancillary phase is not a collection mechanism for the defendant's creditors[3] or a venue in which

aggrieved persons might seek relief against the defendant.[4]  Rather, the limited purpose of the

---

[1]     *See also De Almeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2006) (the ancillary proceeding serves to ensure that property belonging to third parties who have been excluded from the criminal proceeding is not inadvertently forfeited); 21 U.S.C. § 853(k) (excluding third parties from intervening in the criminal trial except to file claims in the ancillary proceeding).

[2]     *See United States v. Watkins*, 320 F.3d 1279, 1283 (11th Cir. 2003) (following *BCCI Holdings*, holding that ancillary proceeding is not a liquidation proceeding to be conducted for the benefit of unsecured creditors); *United States v. BCCI Holdings (Luxembourg) S.A. (Petition of Capital Bank)*, 980 F.Supp. 10, 14 (D. D.C. 1997) (the ancillary proceeding is not a liquidation proceeding in which defendant's assets are to be divided among competing parties; only issue is ownership of the forfeited property itself).

[3]     *See DSI Assoc. LLC v. United States*, 496 F.3d 175, 184 (2nd Cir. 2007) (because claimant did not retain a secured interest in the property it sold to defendant, it lacked standing to contest the forfeiture of that property in the ancillary proceeding, even though defendant remained obligated to pay the debt); *United States v. Perkins*, 382 F.Supp.2d 146, 150 (D. Me. 2005) (claimant, to whom defendant owed child support, cannot use the ancillary proceeding to adjudicate the validity of that debt).

[4]     *See United States v. Lavin*, 942 F.2d 177, 187 (3d. Cir. 1991) (victim of embezzlement unrelated to the drug offense giving rise to the forfeiture lacked standing to contest the forfeiture); *United States v. BCCI Holdings (Luxembourg) S.A. (Petition of BCCI Campaign Committee)*, 980 F.Supp. 16, 20 (D. D.C. 1997) (fraud victims-employees claiming that the defendant had misappropriated their pension fund lacked standing to contest forfeiture of defendant's assets).

ancillary phase is to determine whether the asset at issue *actually* belongs to a third party or someone else.  *Gilbert supra*, 244 F.3d at 911 (noting that the ancillary proceeding is essentially a proceeding to quiet title).

With respect to the seized currency at issue, Cascio is, at best, an unsecured creditor. Notwithstanding the fact that his terse claim fails to even demonstrate that the sum is due, he seems to believe that, because the Government is in possession of money seized from certain defendants and that those defendants supposedly owe him money, the Government must provide him with said money.  The general fungibility of money does not relieve the petitioner of his obligation to demonstrate standing.  For example, if the underlying crime were some type of fraud or theft, wherein the defendants had stolen approximately $140,000.00 from Cascio, a different result might be reached.  Similarly, if the Government had sought forfeiture of the business/structure to which the promissory note (Rec. Doc. 174, Exhibit A, at p. 3) supposedly relates, Cascio might have standing.  As a general creditor, though, Cascio has failed to satisfy the standing requirement.  Consequently, his petition should be summarily dismissed.

Additionally, it is noted that the funds at issue were seized (and ultimately forfeited) because they constituted proceeds of the illegal gambling operation.  Consequently, there can be no <u>legitimate</u> interest in such <u>illegal</u> proceeds.

**b.  <u>The petition was not submitted under penalty of perjury</u>**.

Title 21, United States Code, Section 853(n)(3) requires that a petition, such as the one presented herein, be "signed by the petitioner under penalty of perjury."  However, the instant petition (Rec. Doc. 174) was not signed under penalty of perjury.  Under the plain language of the statute and the pertinent jurisprudence, the omission is critical.

The requirement that a third-party petition for a § 853(n) hearing must be signed under penalty of perjury is "not a mere technical requirement that we easily

excuse." *U.S. v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 597 (7th Cir. 2000). As the Second Circuit noted in *Mercado v. U.S. Customs Serv.*, "there is a substantial danger of false claims in forfeiture proceedings . . ." 873 F.2d 641, 645 (2d Cir. 1989); *see also U.S. v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 559 (7th Cir. 1988) (same). Accordingly, "[r]equiring the claimant to personally sign under penalty of perjury serves the government's legitimate interest in protecting forfeited assets." *U.S. v. Speed Joyeros, S.A.*, 410 Supp.2d 121, 124 (E.D. N.Y. 2006)

*United States v. Owens*, 2010 WL 583910, at *2 (S.D. Ind. 2010).

In *United States v. Owens, supra*, albeit after numerous failures on the part of the claimants, the United States District Court for the Southern District of Indiana recently granted a motion to dismiss—such as the one presented herein—and denied the claimant's request for Fed. R. Civ. P. 60(b) relief relative to same. *Id.* The *Owens* decision is not anomalous. Numerous other district courts have reached the identical result.

In *United States v. Patillo*, 2009 WL 5217005 (E.D. Tenn. 2009), the court, when faced with numerous bases by which to dismiss (including the fact that the "petition [was] not signed under penalty of perjury") the petitions at issue, granted the Government's motions to dismiss, holding, "As neither petition states a claim nor meets the procedural requirements of 21 U.S.C. § 853(n), the Court **GRANTS** the motions (Court File Nos. 34, 35) and **DISMISSES** the petitions (Court File Nos. 24, 27) under Fed. R. Crim. P. 32.1(c)(1)(A) (sic)."

The United States District Court for the Western District of North Carolina, in granting a similar motion to dismiss by the Government, referred to a petition which was not signed under penalty of perjury as "invalid." *United States v. Loria*, 2009 WL 3103771, at *1 (W.D. N.C. 2009). The district court's conclusion therein was based, in part, upon the reasoning of other courts, including one[5] from within this Circuit, which have likened the "under penalty of perjury" requirement to a "statutory standing requirement" that is imposed in addition to the

---

[5]     *See United States v. Edwards*, 2007 WL 2088608 (W.D. La. 2007).

ordinary Article III requirement. *United States v. $487,825,000 in U.S. Currency*, 484 F.3d 662, 664-65 (3rd Cir. 2007). Moreover, in *Loria*, the district court found that the failure to sign the petition under penalty of perjury, alone, required ("must be dismissed") dismissal. *Loria, supra*, at *2. The court specifically noted, "Although the Government raised alternate grounds, it is unnecessary to address them." *Id*., at n. 2.

Another section of this Court recently had cause to consider a pair of motions filed under strikingly similar circumstances. *United States of America v. Darrell Ginn*, E.D. La., Crim. No. 09-301, Section "F." In *Ginn*, Judge Feldman was faced with two (2) petitions which suffered identical flaws: neither was submitted under penalty of perjury; and neither "state[d] sufficient facts regarding the nature of their claims." *See* Exhibit 1, *Ginn*, Rec. Doc. 49 (Order and Reasons), at pp. 4-5.[6] Given the fact that the Government's notice, which was identical to the one provided in the instant matter, specifically instructed the claimants that their petitions must be submitted under penalty of perjury, the Court found "no reason to create an exception to the statutory requirements here." *Id*. Consequently, Judge Feldman granted the Government's motions to dismiss.

More recently still, in *United States v. Jeffrey Anderson, et al*, E.D. La., Crim. No. 10-222, Judge Africk granted the Government's Motion to Dismiss Percy Watson's petition, which was not signed under penalty of perjury and which failed to articulate his legitimate interest in the seized vehicle, "for the reasons set forth by Judge Feldman in *United States v. Darrell Ginn*, No. 09-301 (E.D. La. June 8, 2010) (order granting government's motion to dismiss claimant's petition with respect to notice of forfeiture)." *See* May 3, 2011, Order of Judge Africk, attached hereto as Exhibit "C."

---

[6]      A copy of the unpublished decision is attached hereto as Exhibit "B" for ease of reference.

Given the foregoing, the Government respectfully submits that petitioner's failure to sign the petition under penalty of perjury, by itself, warrants dismissal of the petition without the need for an evidentiary hearing.

## II.    The petition is time-barred.

This Honorable Court issued the Preliminary Order of Forfeiture in this matter on March 22, 2011.  Rec. Doc. 160.  Through same, the Government was directed to comply with the notice requirements of 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6).  The Government complied with said requirements, publishing notice from the period of May 13, 2011, through June 11, 2011.  *See* Exhibit A (Declaration of Jody Randle).  Based upon that publication, any petition relative to the forfeited property would have had to have been filed no later than July 11, 2011.  21 U.S.C. § 853(n)(2) (requiring that the petition be filed "within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier").

Cascio's failure to file his petition within the thirty day period delineated by 21 U.S.C. § 853(n)(2), by itself, warrants the dismissal of his claim.  *See United States v. Brown*, 86 Fed. Appx. 749, 765-66 (5th Cir. 2004) (claimant's late claim was properly dismissed; and claimant could not assert that her untimely claim was an amendment to the timely claim filed by a corporation).  Had the claimant demonstrated due diligence, there is jurisprudence[7] which speaks to the possibility of the equitable tolling of the thirty day period; however, no such showing has been made in the terse, otherwise deficient, petition.  The weight of the cases analyzing facially untimely claims have found the plain language of the statute to be clear and controlling and have considered tardiness to be fatal.  *See United States v. Marion*, 562 F.3d 1330, 1339-40 (11th Cir. 2009) (§ 853(n)(2) creates a 30-day window for third parties to file claims; claims not filed

---

[7]    *See United States v. BCCI Holdings (Luxembourg) S.A. (Petition of Indosuez Bank)*, 916 F.Supp. 1276, 1282 (D.D.C. 1996) (holding that the court may "equitably toll" the time for filing a claim if the claimant demonstrates that he/she has exercised due diligence).

within that window must be dismissed as untimely); *see also United States v. Lester*, 2008 WL 732897 (D. Kan. 2008) (dismissing claims for failure to file by the end of the 30-day deadline).

## **CONCLUSION**

Petitioner is not a member of the class of individuals whose interests Congress sought to protect in providing for the ancillary proceedings set forth in Title 21, United States Code, Section 853 and Federal Rule of Criminal Procedure 32.2.  The currency which was seized and forfeited was not *actually* his, as it has been demonstrated to be illegal proceeds.  Rather, Cascio seeks to utilize the ancillary proceeding as a collection vehicle for unrelated debt (*i.e.*, he is not a victim of the criminal conduct at issue).  As an unsecured creditor (as to these funds) he lacks standing to assert a claim under 21 U.S.C. § 853(n).  Finally, the numerous fatal deficiencies in Cascio's petition independently warrant dismissal.

**WHEREFORE**, the United States of America prays that its motion be granted and that Claimant's, Michael Cascio, Petition (Rec. Doc. 174) be dismissed without the need for an evidentiary hearing.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

*/s/ Andre J. Lagarde*
ANDRE J. LAGARDE
Assistant United States Attorney
LA Bar # 28649
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3009
Facsimile: (504) 680-3174
andre.lagarde@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been served this 22nd day of July, 2011, in accordance with the Court's ECF Rules.

/s/ Andre J. Lagarde
ANDRE J. LAGARDE
Assistant United States Attorney